## THE MARINE CITY.

### (*District Court, E. D. Michigan.* April 4, 1881.)

1. BAGGAGE OF PASSENGERS—OWNERS OF VESSELS—REV. ST. § 4282.
    The baggage of passengers is not "merchandise" within the meaning of Rev. St. § 4282, exempting the owners of vessels from liability for the loss of merchandise in case of fire occurring without their design or neglect.

In Admiralty.

This was a libel *in personam* by Elizabeth C. Moore against the Michigan Transportation Company, owner of the steamer Marine City, to recover for the loss of baggage upon a trip from Mackinaw to Detroit in August, 1880. The libel set forth that the steamer was burned upon the trip, and libellant's trunk, with the contents, totally destroyed. Defence, that there was no allegation in the libel that the fire was caused by the design or neglect of the owners, and that by Rev. St. § 4282, they were exempted from liability.

*Alfred Russell,* for libellant.

*J. J. Atkinson,* for respondent.

BROWN, D. J. By Rev. St. § 4282, "no owner of any vessel shall be liable to answer for or make good to any person any loss or damage which may happen to any merchandise whatsoever which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner." The libel and exceptions thereto present the single question whether the personal baggage of a passenger falls within the denomination of "mer-

chandise," as the word is used in this section, which is copied with slight verbal alterations from section 1 of the limited liability act of 1851. The original section extended the exemption to "any goods or merchandise whatsoever which shall be shipped, taken in, or put on board of any vessel," etc.; but in the Revision the word "goods" is unfortunately omitted, probably under the impression that the word "merchandise" was sufficiently comprehensive to include all personal property.

It is insisted by the respondent that the court ought to read this section as if the word "goods" had been retained in it, and certain cases are cited which are supposed to countenance this method of construction: *In re Long Island Transportation Co.* 5 FED. REP. 625; *U. S.* v. *Moore,* 11 Chi. Legal News, 140; *U. S.* v. *Claflin,* 97 U. S. 548.

Upon a careful examination of these cases, however, I am of the opinion that none of them can be considered authority for holding that the court can interpolate words omitted in the Revision.

Section 5596 expressly declares that "all acts of congress passed prior to said first day of December, A. D. 1873, any portion of which is embraced in any section of said Revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof." It should seem to follow from this that section 4282, having been enacted in place of section 1 of the act of 1851, must be treated as "in force in lieu thereof," and hence that the exemption of the owners can only apply to "merchandise" shipped, taken in, or put on board, though it is quite possible the commissioners who prepared the Revision considered that the word "merchandise" embraced all goods or other personal property. That the Revision ought to be construed not simply as declaring what was the law on the first of December, 1873, but as changing the law in certain cases, was evidently the opinion of my learned predecessor in *Gillett* v. *Pierce,* 1 Brown's Adm. 553, in which he had occasion to hold that the Revision expressly gave the right of trial by jury in certain admiralty cases arising upon the lakes, notwithstanding it had never

before existed. It is true the Revision was designed simply as a re-enactment or codification of the whole body of the national statutory law, but if the legal effect of each section is to be determined by an examination of the original law from which such section was taken, it might as well never have been adopted. Errors and inadvertent omissions are inevitable in a codification of this extent. Many of them were corrected by the act of February, 1875, (18 St. 316,) and in the practical application of the Revision others will undoubtedly be discovered; but the remedy is with congress, and not in subtle and forced judicial constructions, though I fully concur in the intimation of Judge Choate in *The Long Island Transportation Co.* 5 FED. REP. 626, that "an intention to change the existing laws, which this Revision purports to re-enact or codify, is not to be presumed from trifling changes of phraseology."

We are, then, remitted to the vital question in this case: Does the word "merchandise" include the personal luggage of passengers? In the case of *Chamberlain* v. *West. Transp. Co.* 44 N. Y. 305, it was held, and I have no doubt properly, that baggage was included in the words "goods and merchandise" as used in the original act of 1851. But the court expressly held that it was covered by the word "goods;" and if there be any other inference to be drawn from the opinion, it is that baggage cannot be classed as merchandise. Merchandise is defined by Webster as "objects of commerce, wares, goods, commodities; whatever is usually bought or sold in trade." But provisions daily sold in market, horses, cattle, and fuel, are not usually included in the term, and real estate never. The word is also defined by Bouvier as including "all those things which merchants sell, either at wholesale or retail, as dry goods, hardware, groceries, drugs, etc. It is usually applied to personal chattels only, and to those which are not required for food or immediate support, but such as remain after having been used, or which are used only by a slow consumption."

In *Tisdale* v. *Harris*, 20 Pick. 9, 13, the word "merchandise" was held to include in general objects of traffic and

commerce, and was thought to be broad enough to include stocks and shares in incorporated companies; but I have found no case in which it has been held to be synonymous with "goods." Indeed, in the case of the *Citizens' Bank* v. *The Nantucket Steam-boat Co.* 2 Story, 16, it was held that the term "merchandise" did not apply to mere evidences of value, such as notes, bills, checks, policies of insurance, and bills of lading, but only to articles having an intrinsic value in bulk, weight, or measure, and which are bought and sold; and in the course of his opinion Mr. Justice Story remarks that no case can be found in which it has been held that a bequest of merchandise would include bank bills. "A sale of all the goods and merchandise in a certain shop would never be presumed as intended to include the personal wearing apparel of the owner, although at the time it might be deposited there." The libel in this case was for the loss of bank bills, and the learned justice held that while there was authority for the proposition that bank bills might be included in the general words "goods, wares, and merchandise," they could not be considered as "merchandise." The word certainly conveys to the ordinary mind the idea of personal property used by merchants in the course of trade, and is usually, if not universally, applied to property which has not yet reached the hands of the consumer. In common parlance, it certainly is not applied to the wearing apparel or to other personal effects, and I do not feel at liberty to give it a broader signification simply because the reason of the rule exempting the owners of the vessel from loss by fire would seem to extend to cases of baggage as well as property in transit to a market.

The exceptions must be overruled.